**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

KAYCHIA CALVERT & PATRICK
SMITH, as the Administrators
of the Estate of KADARIUS SMITH and
in their individual capacities,

      PLAINTIFFS

VS.                                 3:25-cv-440-KHJ-MTP

LELAND POLICE DEPARTMENT, a Division
of Government for the CITY OF LELAND,
WASHINGTON COUNTY, MISSISSIPPI, and
OFFICER STEPHANIE TROTTER, in her
official and individual capacities,

      DEFENDANTS.

## COMPLAINT FOR DAMAGES

Plaintiffs, KAYCHIA CALVERT & PATRICK SMITH, as the Administrators of the Estate of KADARIUS SMITH, sues LELAND POLICE DEPARMENT, a Division of Government of the City of Leland, Washington County, Mississippi, for wrongful death, negligence, and deprivation of constitutional rights, and in support states as follows:

## PARTIES

1.     Plaintiffs, KAYCHIA CALVERT & PATRICK SMITH ("Plaintiff(s)") are adult resident citizens of the City of Leland, Washington County, Mississippi, and the Administrator of the Estate of KADARIUS SMITH. Plaintiffs Calvert and Smith are the mother and father of the decedent in this case.

2.    The decedent, KADARIUS SMITH, was a minor and a United States citizen and resident of the City of Leland, Washington County, Mississippi. KADARIUS, if he had lived, would have graduated from high school this year and plans of pursuing higher education which were tragically cut short because of the depraved and reckless actions officers acting on behalf of the Leland Police Department.

3.    Defendant Leland Police Department ("LPD") is a governmental division organized under the laws of the City of Leland, County of Washington and State of Mississippi. Defendant LPD is vicariously liable for the actions of its officer in this cause of action who was acting under the color of law and acting under the course and scope of an on-duty officer for the Leland Police Department. Defendant LPD may be served with process by serving the Hon. Aundrea Barber, City Clerk, City of Leland, Mississippi, Post Office Box 271, 206 North Broad Street, Leland, Mississippi 38756 or the Hon. Lynn Fitch, Office of the Attorney General, State of Mississippi, Post Office Box 220, 550 High Street, Jackson, Mississippi 39201.

4.    Defendant Officer Stephanie Trotter is or was a police officer for LPD acting under the color of law and acting under the course and scope of an on-duty officer for LPD. Defendant Trotter may be served with process by serving the Hon. Aundrea Barber, City Clerk, City of Leland, Mississippi Post Office Box 271, 206 North Broad Street, Leland, Mississippi 38756, the Hon. Lynn Fitch, Office of the Attorney General, State of Mississippi, Post Office Box 220, 550 High Street, Jackson, Mississippi 39201, or at an address discovered and located during the pendency of this proceeding.

**JURISDICTION AND VENUE**

5.    The Court has original jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under the United States Constitution and 42 U.S.C. § 1983. Plaintiffs are seeking

2

redress for deprivation of their son's constitutionally protected rights, which is a violation of the Fourteenth Amendment's protections afforded citizens of the United States of America.

6.      The Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367 as Defendant LPD, acting vicariously through Defendant Trotter, acted in reckless disregard for the safety and well-being of the decedent, KADRIUS SMITH, as provided in Mississippi Code Annotated § 11-46-9(1)(c).

7.      Venue is proper in the United States District Court for the Southern District of Mississippi, because all of the acts complained of in this Complaint occurred in Washington County, Mississippi which is within the Court's jurisdiction.

8.      Plaintiffs complied with all statutory notice requirements per Mississippi Code Annotated § 11-46-11(2) with the issuance of a Notice of Claim letter to Defendant LPD dated July 17, 2024.  See (Exhibit 1, Notice of Claim).

## FACTUAL ALLEGATIONS

9.      Kadarius Smith was 17 years old when his life was taken by the Leland Police Department. He is survived by his loving mother and father, who grieve every day because their child should be graduating high school this year and pursuing his academic career and goals.

10.      Plaintiff Kaychia Calvert saw her son for the last time on March 21, 2024, when he walked out her front door and never returned because of the actions of officers, agents and assigns for the Leland Police Department.

11.      On or about March 21, 2024, at or near Huddleston Street in Leland, Mississippi, Kadarius, the decedent, upon noticing Officer Trotter's approach, began to flee from Defendant Trotter on foot.  Defendant Trotter, while operating a 2018 Chevrolet Tahoe, white in color, bearing a Mississippi license plate G80773, pursued the decedent Kadarius in her vehicle.

3

12.     While pursing the decedent Kadarius, the decedent, in her vehicle, she violently, maliciously, recklessly and maliciously collided with and violently struck Kadarius with her vehicle while in pursuit of Kadarius causing his fatal injuries, blunt force trauma to his head, and death.

13.     The United States Supreme Court in *Tennessee v. Garner*, 471 U.S. 1 (1974), opined that use of deadly force against a fleeing suspect is unreasonable unless the fleeing suspect posed a *significant* threat of death or serious injury to the officer or others.  In this case, it was unreasonable for LPD to weaponize a squad car and snatch away the life of Kadarius as he was fleeing and posed no threat of death or serious injury to the officer or others as no handgun or weapon was discovered on Kadarius during the investigation.

## CAUSES OF ACTION

## COUNT I
## NEGLIGENCE

14.     Each of the preceding paragraphs are incorporated herein.

15.     At the time and on the occasion in question, the Defendant officer, individually, jointly and severally, possessed a duty of ordinary care while acting as officers of the law. Specifically, the Defendant officer and other officers of the Leland Police Department possessed the duty to keep Kadarius and others reasonably safe, to avoid reasonable harm to Kadarius, and to act as a reasonable prudent officer would have acted under the same or similar circumstances. Defendants breached their duty of care by not keeping Kadarius reasonably safe.

16.     The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or

4

omission(s) of the Defendants, individually, jointly and severally, resulted in Kadarius' and/or the Plaintiffs' damages and death.

17.    Defendant Trotter's operation of the Tahoe created a foreseeable zone of risk that placed Kadarius in great peril.

18.    At all times material hereto, LPD and Officer Trotter wed a duty to exercise reasonable care in operating the Tahoe, which included the duty to drive with due regard for the safety of pedestrians including Kadarius.

19.    LPD and Officer Trotter breached their duty of care in a manner exhibiting wanton and willful disregard of human rights, safety, and property:

   a.   Operating the Tahoe at an unreasonably dangerous rate of speed;
   b.   Failing to operate the Tahoe within the applicable speed limit;
   c.   Driving while distracted;
   d.   Failing to maintain reasonable vigilance;
   e.   Failing to maintain proper control over the Tahoe;
   f.   Failing to warn by properly using an audible signal by siren, exhaust whistle, or
   g.   other adequate device or a visible signal by the use of displayed blue or red lights;
   h.    Failing to yield the right of way;
   i.   Failing to operate the Tahoe in compliance with state and local traffic laws;
   j.   Deviating from the reasonable and expected standards of care of law enforcement
   k.   agencies; and
   l.   Crashing the Tahoe into Kadarius.

20.    Officer Trotter's negligent conduct was the proximate and actual cause of Kadarius' death.

21.    Hours after being struck by the Leland Police Department's Tahoe, Kadarius was pronounced dead.

22.    At all times material hereto, this cruiser was owned by the Leland Police Department.

23.    Thus, at all times material hereto, the Leland Police Department had a non-delegable duty to ensure the Tahoe was operated safely.

24.     Leland Police Department is vicariously liable for the negligence of Officer Trotter.

25.     The negligent conduct of the Leland Police Department caused Plaintiff significant financial loss to exceed the jurisdictional limits, severe mental anguish and emotional distress.

## COUNT II
## GROSS NEGLIGENCE

26.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in its entirety.

27.     The actions of the Defendants, individually, jointly, and severally, when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Kadarius.

28.     The Defendant officers and other members of the Leland Police Department had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety or welfare of Kadarius herein and as such constitutes gross negligence (malice) as the term is defined under Mississippi law. As a result, P1aintiffs are entitled to the recovery of punitive damages.

29.     The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omissions(s) of the Defendants resulted in Kadarius' and/or the Plaintiffs' damages and death.

## COUNT III
## NEGLIGENT HIRING, RETENTIO, SUPERVISION, AND CONTROL

30.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

6

31.     At the time and on the occasion m question, Defendant, City of Leland, Mississippi, and other officers with the Leland Police Department, were negligent in hiring, retaining, supervising and/or control their employee(s), servant(s), and/or agent(s), who assaulted and killed Kadarius.

32.     Defendant, City of Leland, Mississippi, had a duty to exercise ordinary care in hiring, supervising and training of its employees, particularly regarding matters involving excessive force. The Defendant breached that duty in the following respects, among others:

(a)     failing to adequately train employees, agents or servants;

(b)     failing to properly supervise employees, agents or servants;

(c)     failing to comply with laws, rules, statutes, standards and regulations regarding arrests, and;

(d)     other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants proximately caused Kadarius' and/or the Plaintiffs damages and death.

## COUNT IV
## RES IPSA LOQUITUR

33.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

34.     At all pertinent times, Defendants collectively were in pursuit Kadarius and had a duty to protect him from unreasonable harm as a fleeing suspect who was unarmed

and was not a threat to himself or others. Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such casualty by insuring that the proper supervision, experience, and measures were in place to avoid the resulting damages.

35.     Defendants were presented with an available opportunity to avoid the resulting incident. Defendants, however, failed to exercise such control over their personnel to prevent Kadarius' and/or the Plaintiffs' damages and death.

36.     The duty of care owed to Kadarius was therefore breached by the Defendants.

37.     The manner of damage to Kadarius' person is the type of event that does not ordinarily occur in the absence of negligence.

38.     The act(s) and/or omission(s) of these Defendants, under the present set of circumstances, provide an inference of negligence of the part of these Defendants, either individually or collectively, so as to establish a prima facie case. The mere occurrence of this incident and the resulting injuries taken with the surrounding circumstances, should allow for an inference of negligence against these Defendants.

39.     The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by Kadarius and/or the Plaintiffs.

### COUNT V
### MISSISSIPPI TORT LIABILITY ACT
### RECKLESS DISREGARD

40.     Plaintiffs re-allege and hereby incorporate by reference all of the preceding paragraphs of this Complaint as if set forth herein.

41.     The act(s) and/or omission(s) of Defendants, in both their official and individual capacity constituted a reckless disregard for the rights and safety of Kadarius. Further, these act(s)

and/or omission(s) were perpetrated with such callousness that a reasonable person can certainly conclude that these act(s) and/or omission(s) were carried out without any regard as to their effects. Therefore, the act(s) and/or omission(s) constitute a reckless disregard for the rights and safety of Kadarius as defined under Mississippi law.

42.     The act(s) and/or omission(s) of the Defendants were a proximate cause as to the injuries, damages and death sustained by Kadarius and/or the Plaintiffs.

**COUNT VI**
**MISSISSIPPI TORT LIABILITY ACT**
**VICARIOUS LIABILITY**

43.     Plaintiffs re-allege and hereby incorporate by reference all preceding paragraphs of this Complaint as set forth herein.

44.     Upon information and belief, the Defendant officers involved in this matter were employee(s), servant(s), and/or agent(s) of the Leland Police Department and the City of Leland, Mississippi. Thus, the principal Defendant, City of Leland, Mississippi, is vicariously liable for the actions of its employee(s), servant(s), and/or agent(s) under the doctrine of *respondeat superior* or vicarious liability.

45.     At the times material hereto, the Defendant officers and other members of the Leland Police Department were in the course and scope of their employment and acted in furtherance of the interest of the Leland Police Department and/or City of Leland, Mississippi.

46.     The Defendant officers and other officers and employees of the Leland Police Department were an apparent agent acting within his actual or apparent authority of the City of Leland, Mississippi; therefore, Defendant, City of Leland, Mississippi, is liable for the actions of its employee(s) statutory employee(s)/agent(s).

47.     The acts(s) and/or omission(s) of Defendants, in both their official and personal capacities, establish that the Defendant officers committed a civil assault. Kadarius' reasonable apprehension of imminent harmful or offensive contact constitutes civil assault. The Defendant officers' overt acts of running over Kadarius constituted a threat or menace to Kadarius. The Defendant officers, and other agents of the Leland Police Department, present the apparent ability to inflict threatened harm and physical injury upon Kadarius established that Defendants committed a civil assault.

48.     The above act(s) and/or omission(s) constitute civil assault and were each a proximate cause of the injuries and death sustained by Kadarius and/or the Plaintiffs.

49.     The acts(s) and/or omission(s) of the Defendant officers, in both their official and personal capacities, establish that they committed a civil battery. A civil battery has occurred when a harmful or offensive contact with the person of Kadarius caused by the act(s) of Defendants, whether directed at Kadarius personally or at a third party. The Defendant officers committed civil battery upon Kadarius by striking him and causing his death.

50.     The above act(s) and/or omission(s) constitute civil battery and were each a proximate cause of the injuries and damages sustained by Kadarius and/or the Plaintiffs.

## COUNT VII
## COMMON LAW TORT OF OUTRAGE

51.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

52.     The Defendants' overall conduct on the date in question was so outrageous that it shocked the moral and legal conscience of the community. This outrageous conduct resulted in Kadarius' injuries and death. The manner, method, and design of the Defendants conduct amounted to a cold, callous, premeditated abuse of legal authority.

53.     As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, the Defendants are jointly and severally liable to the Plaintiffs for such outrageous conduct. Thus, Plaintiffs are entitled to a monetary judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward them.

## COUNT VIII
## WRONGFUL DEATH

54.     Plaintiffs re-allege and hereby incorporate herein the foregoing allegations of this Complaint as set forth herein in their entirety.

55.     Pursuant to Miss. Code Ann. 11-7-13, whenever the death of any person shall be caused by any real, wrongful or negligent act or omission, entitles the party injured or damaged thereby to maintain an action and recover damages in respect thereof. Kadarius' death was caused by the tortious acts by the Defendants. Therefore, Kadarius' estate, or another interested party, should be able to maintain an action and recover damages from the Defendants.

## COUNT IX
## VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. § 1983

56.     Plaintiffs re-allege and hereby incorporate herein the foregoing allegations of this Complaint as set forth herein in their entirety.

57.     Under the Fourteenth Amendment of the United States Constitution, no state shall deprive any person of "life, liberty, or property, without due process of law."

58.     Pursuant to 42 U.S.C. §1983:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*See* 42 U.S.C. § 1983.

59.     At all times material hereto, Defendants were acting under the color of law when they deliberately pursued Kadarius and violently, maliciously, recklessly and maliciously collided with and violently struck Kadarius with said vehicle while in pursuit of Kadarius causing his fatal injuries, blunt force trauma to his head, and death.

60.     While acting under the color of the law, Defendants commenced to implement a custom usage of procedure wherein the rights, privileges, or immunities of Kadarius were violated. Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the extreme, unnecessary, and excessive force against Kadarius, thus, causing him certain injuries which resulted in his death. As a direct and proximate consequence of the Defendants' actions, Kadarius was deprived of certain rights, privileges, and immunities secured by the United States Constitution, and the laws of this Nation.

61.     In light of the circumstances confronted by Defendants, a deprivation of

rights resulted that was sufficiently serious wherein the Defendant officers acted maliciously by using force and physical violence designed and intended to cause Kadarius physical, mental, and emotional harm, pain, humiliation, death and/or injury. Defendants' conduct evidences a deliberate indifference to the immediate, grave and serious condition Kadarius was left in.

62.     The conduct and actions of Defendants, acting in concert and under color of law, in authorizing, directing and/or causing Kadarius to die was done intentionally, willfully, maliciously, with a deliberate indifference and/or with reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical pain and death in violation of Kadarius' rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable, and unjustified force.

63.     As a direct and proximate result of the violation of his constitutional rights by the Defendants, Kadarius suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

64.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

**COUNT X**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. § 1983**
***MONELL* CLAIM AGAINST DEFENDANT LELAND POLICE**
**DEPARTMENT AS A DIVISION OF THE CITY OF LELAND, MISSISSIPPI**

65.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

66.     Defendant, City of Leland, directly caused the constitutional violations suffered by Plaintiffs and the decedent and is liable for the damages suffered by the Plaintiffs and decedent because of the conduct of LPD and its officers. The conduct of the LPD's officers was a direct consequence of the policies and practices of LPD as a division of the City of Leland, Mississippi.

67.     At all times relevant to this Complaint, the City of Leland, acting through the Leland Police Department, had in effect policies , practices, and customs that condoned and fostered the unconstitutional conduct of the Defendant officers, and were a direct and proximate cause of the damages and injuries complained of herein.

68.     At all times relevant to this Complaint, City of Leland, acting through the Leland Police Department and through the Defendant officers, had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of individual's Constitutional Rights.

69.     Upon information and belief, City of Leland, acting through the Leland Police Department, planned and implemented a policy, practice, custom and usage of excessive force, obstruction of justice, among other things. using excessive force against private citizens and discouraging officers from reporting the misconduct of other officers. In connection with the events complained about herein, Defendant LPD consciously disregarded the illegality and unconstitutionality of the Defendant officers' actions. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

70.     Defendant LPD knew or should have known of the Defendant officers'

propensity to engage in misconduct of the type alleged herein.

71.    It was the policy and/or custom of Defendant LPD to inadequately and improperly investigate the Defendant officers' misconduct, and acts of misconduct were instead tolerated, ignored and actually sanctioned by the Leland Police Department by the mere act of not adequately reprimanding the Defendant officers, and failing to report such misconduct or follow-up with the appropriate authorities.

72.    It was the policy and/or custom of Defendant LPD to inadequately train, supervise and discipline its officers/deputies, including the Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of officers. Defendant LPD did not require appropriate in-service training or re-training of officers to ensure they were qualified in the use of force, detainment, and the reporting of illegal conduct.

73.    As a result of the above-described policies and customs, among other things, Defendant LPD, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

74.    The wrongful policies, practices, customs and/or usages complained of herein demonstrated a deliberate indifference on the part of the policymakers of Defendant City of Leland as enacted by LPD to the constitutional rights of persons within Leland, Mississippi and were the direct and proximate cause of the violation of the rights of Kadarius.

75.    Defendant LPD implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that, among other things, allowed employees of the

15

Leland Police Department to assault and kill Kadarius and allowed employees of the Leland Police Department to cover-up illegal conduct.

76. The failure of the City of Leland as enacted through the Leland Police Department, to adequately train and supervise its officers amounts to a deliberate indifference lo the rights of Kadarius to be free from excessive force, among other things, under the Constitution of the United States.

77. Upon information and belief, the City of Leland as enacted through LPD has a custom and/or pattern of allowing similar actions of this nature. The City of Leland as enacted through LPD has a history and/or pattern of allowing similar conduct from their officers. Defendant LPD has not taken the proper action to stop incidents of this nature. Defendant LPD allowed Defendant officers to remain employed as officers after assaulting Kadarius and causing his death.

78. In committing the acts complained of herein, Defendants acted under color of state law to deprive Kadarius as alleged herein of certain constitutionally protected rights. Thus, Kadarius and/or the Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

79. Defendant LPD caused the constitutional violations suffered by Plaintiffs and the decedent and is liable for the damages suffered by Plaintiff and the decedent because of the conduct of the Defendant's officers. The conduct of the Defendant's officers was a direct consequence of policies and practices of the City of Leland as enacted through LPD.

80. At all times relevant to this Complaint, the City of Leland, acting through the Leland Police Department, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual defendants, and were a direct and

proximate cause of the damages and injuries complained of herein.

81.    At all times relevant to this Complaint, the City of Leland, acting through the Leland Police Department, and through the individual defendants, had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of individual's Constitutional Rights.

82.    Upon information and belief, Defendant LPD planned and implemented a policy, practice, custom of obstruction of justice, among other things, and discouraged officers from reporting the misconduct of other officers and failed to intervene and prevent the unconstitutional actions of the individually named officers.

83.    In connection with the events complained about herein, Defendant LPD consciously disregarded the illegality and unconstitutionality of the Defendant officers' actions. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

84.    Defendant LPD knew or should have known of the Defendant officers' propensity to engage in misconduct of the type alleged herein. It was the policy and/or custom of the Defendant LPD to inadequately and improperly investigate the Defendant officers' misconduct, and acts of misconduct were instead tolerated and/or ignored.

85.    It was the policy and/or custom of Defendant LPD to inadequately train, supervise and discipline its officers, including the Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its officers.

86.    As a result of the above-described policies and customs, among other things, Defendant LPD, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated

or sanctioned, but would be tolerated.

87.     The wrongful policies, practices, customs and/or usages complained of herein demonstrated a deliberate indifference on the part of the policymakers of the City of Leland as enacted by Defendant L P D to the constitutional rights of persons within Leland, Mississippi and were the direct and proximate cause of the violation of the rights of Kadarius.

88.     Defendant L P D implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that, among other things, failed to intervene to prevent employees of the Leland Police Department from i[legally killing Kadarius.

89.     The failure of Defendant L P D to adequately train and supervise the officers amounts to a deliberate indifference to the rights of Kadarius to be free from excessive force, among other things, under the Constitution of the United States.

90.     Upon information and belief, Defendant LPD has a custom and/or pattern of allowing similar actions of this nature. Defendant L P D has a history and/or pattern of allowing similar conduct from its officers. Defendant LPD has not taken the proper action to stop incidents of this nature.

91.     In committing the acts complained about herein, Defendants acted under color of state 1aw to deprive Kadarius, as alleged herein, of certain constitutionally protected rights. Thus, Kadarius and/or the Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to reliefunder42 U.S.C.§1983.

## COUNT XI
## VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. § 1983
## REFUSING OR NEGLECTING TO PREVENT

92.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

93.     At all times relevant to this Complaint the Defendant officers acted as agents of Defendant LPD and were acting under the direction and control of the Leland Police Department.

94.     At all times relevant to this Complaint, the Defendant officers acted as agents of the Leland Police Department and were acting under the direction and control of the Leland Police Department.

95.     Acting under color of law and pursuant to official policy or custom, Defendant LPD knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis the Defendant officers on their duties to refrain from:

(a)     unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(b)     conspiring to violate the rights, privileges, and immunities guaranteed to Kadarius by the Constitution and laws of the United States and the laws of the State of Mississippi; and

(c)     Otherwise depriving Kadarius of his constitutional and statutory rights, privileges, and immunities.

96.     Defendant LPD had knowledge or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendant LPD had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

97.     Defendant LPD directly or indirectly, under color of law, approved and/or

ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the Defendant officers heretofore described.

98.    As a direct and proximate cause of the negligent and intentional acts of the Defendant LPD as set forth above, Kadarius suffered physical injury and loss of life in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth, and Fourteenth Amendments of the Constitution of the United

States and protected by 42 U.S.C. § 1983.

## COUNT XII
## DAMAGES

99.    Plaintiffs re-allege and incorporate the foregoing allegations of this Complaint as if set forth herein in their entirety.

100.    Plaintiffs, individually and on behalf of the heirs at law and wrongful death beneficiaries of Kadarius Smith, and for the use and benefit of the Estate and for the use and benefit of the wrongful death beneficiaries of Kadarius Smith, pray for judgment against Defendants, as follows:

101.    For all general and special damages caused by the alleged conduct of Defendants;

102.    For the costs of litigating this case;

103.    For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants from ever repeating such atrocities; and;

104.    For all other relief to which Plaintiff asserts are entitled by Mississippi and Federal law.

105.    Plaintiffs reserve the right to amend and state further with respect to their damages.

## COUNT XIII
## PUNITIVE DAMAGES

106.   Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

107.   Pursuant to Miss. Code Ann.§ 11-1-65 and Title 42 U.S.C. §1983, since the conduct of Defendants herein constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of Kadarius and/or the Plaintiffs, an award of punitive damages is appropriate and necessary under these facts.

## COUNT XIV
## JURY TRIAL DEMAND

**WHEREFORE**, **PREMISES CONSIDERED** and pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully demand a trial by jury and judgment for compensatory damages and punitive damages against Defendant in an amount which exceeds the jurisdictional limits.

DATED: June 17, 2025.

Respectfully submitted,

By: */s/ Van D. Turner, Jr.*
Van D. Turner, Jr. (TN BAR No. 101648)
TURNER FEILD, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
(901) 290-6610
(901) 290-6611
vturner@turnerfeildlaw.com

/s/ Benjamin Crump
Benjamin Crump, Esq.
FBN: 72583
BEN CRUMP LAW, PLLC
614 S. Federal Highway
Fort Lauderdale, FL 33301

T: 754-801-0897
court@bencrump.com
*pro hac vice pending*

/s/ Sue-Ann Robinson
Sue-Ann Robinson, Esq.
FBN: 29463
BEN CRUMP LAW, PLLC
614 S. Federal Highway
Fort Lauderdale, FL 33301
T: 754-801-0897
sueann@bencrump.com
*pro hac vice pending*

/s/ Gabrielle Higgins
Gabrielle Higgins, Esq.
FBN: 1025840
BEN CRUMP LAW, PLLC
614 S. Federal Highway
Fort Lauderdale, FL 33301
T: 754-801-0897
gabrielle@bencrump.com
*pro hac vice pending*

*Attorneys for Plaintiff*